Robert D. Beall City Attorney P.O. Box 69 Leavenworth, Kansas 66048
Dear Mr. Beall:
You request our opinion regarding the countywide retailers' sales tax established at K.S.A. 1999 Supp. 12-187 et seq. You indicate that Leavenworth County currently has a 1% countywide retailers' sales tax to provide funding for a jail and judicial center. This sales tax will sunset in 2006, 10 years after it was adopted by the County.
The cities in Leavenworth County would like the county to extend the 1% levy beyond the 10 year period and use the funds for public improvement projects. You inquire whether a proposition can be submitted to the electors to amend the current tax levy to extend it for an additional 10 years and use the funds for public improvement projects. If this is not possible, you inquire whether a proposition can be submitted to the electors this year for a 1% countywide retailers' sales tax for public improvement projects that will take effect when the current sales tax sunsets in 2006.
K.S.A. 1999 Supp. 12-187, states, in relevant part, as follows:
 "(b)(1) The board of county commissioners . . . may submit the question of imposing a countywide retailers' sales tax to the electors at an election called and held thereon.
. . . .
 "(f) Any . . . county proposing to adopt a retailers' sales tax shall give notice of its intention to submit such proposition for approval by the electors in the manner required by K.S.A. 10-120. . . . [The] notices shall state the time of the election and the rate and effective date of the proposed tax . . . . [If] a majority of the electors voting thereon at such election shall approve the levying of such tax, the governing body of any . . . county shall provide by . . . resolution . . . for the levy of the tax. Any repeal of such tax or reduction or increase in the rate thereof . . . shall be accomplished in the manner provided herein for the adoption and approval of such tax.
. . . .
 "(h) The governing body of the . . . county proposing to levy any retailers' sales tax shall specify the purpose or purposes for which the revenue would be used, and a statement generally describing such purpose or purposes shall be included as part of the ballot proposition."
There is no provision that would allow a county to amend a current countywide retailers' sales tax. Arguably, subsection (f) of K.S.A. 1999 Supp. 12-187 would allow an amendment if there was a repeal, reduction, or increase in the sales tax rate but that is not the situation presented here.
K.S.A. 1999 Supp. 19-101a(a) restricts a county's home rule authority:
 "(a) The board of county commissioners may transact all county business and perform all powers of local legislation and administration it deems appropriate, subject only to the following limitations, restrictions or prohibitions:
. . . .
 "(8) Counties shall be subject to the limitations and prohibitions imposed under K.S.A. 12-187 to 12-195 . . . prescribing limitations upon the levy of retailers' sales taxes by counties."
In Attorney General Opinion No. 82-29, Attorney General Robert T. Stephan concluded that K.S.A. 19-101a precluded a county from modifying the formula for apportionment of a countywide retailers' sales tax. Thus, it is our opinion that Leavenworth County may not submit to the electorate a proposition to amend the current 1% sales tax levy by extending the sunset provision and pledging the funds for public improvement projects.
As far as your query concerning whether the electors can vote this year on a 1% countywide retailers' sales tax for public improvement projects that will take effect when the current sales tax sunsets in 2006, we note two additional statutes.
K.S.A. 1999 Supp. 12-189 authorizes the State Director of Taxation to "administer, enforce and collect . . . local sales taxes":
 "Upon receipt of a certified copy of an ordinance or resolution authorizing the levy of a local retailers' sales tax, the state director of taxation shall cause such taxes to be collected within or without the boundaries of such taxing subdivision at the same time and in the same manner provided for the collection of the state retailers' sales tax."[1]
K.S.A. 12-191 provides for collection of the tax as follows:
 "[The] collection of any county sales tax authorized at a county primary or general election . . . shall commence on the first day of the calendar quarter next following the 30th day after the date of the election
authorizing the levy of such tax. [The] collection of any sales tax of a county . . . approved at any other election shall commence on the first day of the calendar quarter next following the 60th day after the date of such election authorizing the levy of such tax." (Emphasis added.)
Presumably, if the electorate would vote favorably for this tax, the Board of County Commissioners would enact a resolution soon after the election authorizing a levy to commence upon the sunset of the current sales tax which would be in the year 2006.
The question of whether K.S.A. 12-191 requires the State Director of Taxation to commence the collection of the tax 30 or 60 days after the election was answered in Attorney General Opinion No. 93-22. In that opinion, Attorney General Robert T. Stephan examined the legislative history of K.S.A. 12-191 and concluded that the intent was to address the concern that collection of the sales tax not commence too soon after an election. General Stephan opined that the provision in K.S.A. 12-191
relating to the collection of the sales tax by the State Director of Taxation is directory rather than mandatory. Therefore, it is our opinion that Leavenworth County may submit a countywide retailers' sales tax proposal to the electorate pursuant to K.S.A. 12-187 et seq. regarding the imposition of a 1% sales tax to commence upon the expiration of the current 1% sales tax, which funds will be used for public improvement projects.
Your final question asks whether the current bonds may be refunded using the proposed extended time period, or whether new bonds may be issued based on the revenue from a second countywide retailers' sales tax. Because the current sunset provision cannot be amended or extended, any new bond issues would be funded, at least in part, by the proposed countywide retailers' sales tax to be submitted to the voters this year. You advise us that current sales tax revenues would be pledged initially for any new bond issue, but future bond payments would be funded by the subsequent sales tax revenues, assuming the voters approved the ballot proposition.
You further advise us that the current bonds are general obligation ("GO") bonds payable from the present countywide retailers' sales tax and, if not so paid, from ad valorem property taxes. The statute authorizing such bonds is K.S.A. 1999 Supp. 12-195b. The governing body of a county may issue general obligation bonds under this statute to pay for public facilities or improvements, but only if the county is "otherwise authorized" to issue GO bonds under Kansas statutes or constitutional provisions. Accordingly, the county may be authorized to pledge its retailers' sales tax revenues for payment of GO bonds, but independent legal authority must be found to authorize the particular project to be financed by bonds. K.S.A. 12-195b sets out additional requirements for the issuance of GO bonds which are secured by a sales tax pledge, including the preparation of a comprehensive feasibility study. The proceeds from a countywide retailers' sales tax are irrevocably pledged to the repayment of the bonds, and constitute a lien on the revenues for the benefit of the bondholders.
There is no statutory requirement in K.S.A. 12-187 et seq. that prescribes the timing of a sales tax election with respect to the issuance of future bonds. However, whether the County may use the current sales tax receipts as security for a new issue of GO bonds would be determined by the language of the original bond documents. Only if the 1996 ballot did not preclude the use of the original sales tax receipts for future bond issues and the 1996 bond documents permitted parity or "equal priority" bonds[2] and the current sales tax revenues are sufficient to fund both the present and future issues of bonds, may the proceeds from the current countywide retailers' sales tax be applied to payments for a new GO bond issue.
An election on the issuance of bonds is required only if a protest petition is filed with the county election officer. However, reading K.S.A. 1999 Supp. 12-195b in conjunction with the election requirements of K.S.A. 12-187 leads to the logical conclusion that adding the bond proposal to the ballot proposition will avoid the possibility of two elections on interrelated questions. Both K.S.A. 12-187(h) and general bond election laws contain specifications for the pre-election notice and ballot propositions, which, if followed, mitigate the possibility of a misleading election. In the scenario you outline, in which sales taxes will not be levied for approximately six years after the election is held, and bonds will be issued with the pledge of current and future sales tax receipts, the county must insure that the election is not misleading and, thereby, void.[3]
In answer to your final question, we cannot find any statutory language that proscribes a new bond issue which is paid first from the original countywide retailers' sales tax revenues, and then from the subsequent sales tax revenues. It is our opinion Leavenworth County may proceed with its proposed election and bond issue, assuming , at a minimum, among other requirements, the following prerequisites are met:
 — The original ballot question did not prohibit the use of the 1996 sales tax receipts for purposes other than the original bond issue.
 — The original bond documents permit parity bonds, and the original sales tax receipts are sufficient to finance both bond issues.
 — The voters approve the levy of a new 1% countywide retailers' sales tax to be imposed in the year 2006, and approve the issuance of bonds for particular public projects.
 — The election is held in conformity with K.S.A. 12-187 et seq. and all applicable bond election laws.
 — The public improvement projects for which bonds will be issued are duly authorized under the statutes or Constitution of Kansas.
 — A comprehensive feasibility study shows the revenues received from the future countywide retailers' sales tax will be sufficient to retire the new bond issue.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
 Nancy L. Ulrich Assistant Attorney General
CJS:JLM:MF:NLU:jm
[1] K.S.A. 1999 Supp. 12-189(f).
[2] In re Cherokee County, Kansas Health Care Facility RevenueBonds, 262 Kan. 941, 948 (1997).
[3] Attorney General Opinion No. 96-72.